IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ROBERT HURTADO, JR. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:13-CV-1019-O |
| | § | |
| JPMC SPECIALTY MORTGAGE LLC, ET AL. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION REGARDING
DEFENDANT'S FAILURE TO FILE PROOF OF SERVICE**

On December 27, 2013, *pro se* Plaintiff Robert Hurtado, Jr. ("Hurtado") filed a complaint against the following defendants: (1) JPMC Specialty Mortgage LLC; (2) Dream House Mortgage Corp; (3) JPMorgan Chase Bank, NA; (4) Mortgage Electronic Registration Systems (MERS); (5) Joseph M. Vacek; (6) Anthony Waddell; (7) Lauren Christoffel; (8) Danya Fuller Gladney; (9) Coury M. Jacocks; (10) Connie J. Vandergriff; (11) Stephen C. Porter; and (12) Elizabeth Petr. On May 5, 2014, the Court issued an Order Regarding Failure to File Proof of Service. In the order, the Court noted that "[a]lthough more than 120 days have passed since the filing of the original complaint, no proof of service on any of the Defendants is on record in this cause." The Court ordered Hurtado to file, no later than May 23, 2014, either proof of proper service as required by Rule 4.1 of the Local Civil Rules of the Northern District of Texas or an instrument in affidavit form establishing good cause why such proof cannot be filed." The Court further stated that it would recommend dismissal of this action without further notice if Hurtado failed to comply with this order.

On May 23, 2014, Hurtado filed a document titled "Certificate of Service." The document has a copy of a U.S. Postal Service Certified Mail Receipt and copy of one side of a United States Postal Return Receipt form showing that an article addressed to Barrett Daffin Frappier Turner & Engel LLP was delivered to 15000 Surveyor Blvd., Ste. 100, Addison, TX 75001 on December 30, 2013. The documents also states:

> I Robert Hurtado Jr. hereby certify that a true and correct copy of above and foregoing has been delivered to Barrett Daffin Frappier Turner and Engle 1500 [sic] Surveyor Blvd Suite 100 Addison, TX 75001 on this the 27 day of Dec. 2013, by certified mail (Certified Mail Receipt # 70130600000043882578), in accordance with the rules governing same.

> Federal Rule of Civil Procedure 4(m) states:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). "For a federal court to have personal jurisdiction over a defendant, the defendant must have been served with process in accordance with Rule 4." *See Pavlov v. Parsons*, 574 F. Supp. 393, 399 (S.D. Tex. 1983) (holding the court had personal jurisdiction over defendants because plaintiff properly served them in compliance with Rule 4). When a defendant is an individual, as some of the named defendants are in this case, Rule 4(e) states:

> Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:

> > (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

> > (2) doing any of the following:

2

> (A) delivering a copy of the summons and of the complaint to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).  When a defendant is a corporation, partnership, or association, as some of the defendants are in this case, Rule 4(h) states:

> Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
>
> (1) in a judicial district of the United States:
>
> > (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
> >
> > (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant; . . . .

Fed. R. Civ. P. 4(h).[1]

As relevant here, pursuant to Texas Rule of Civil Procedure ("Texas Rule") 106, process may be served by any person authorized by Rule 103 by "mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto."  Texas Rule 103 explicitly requires that process be served by "(1) any sheriff

---

[1] Pursuant to Texas law, a corporation is required to continuously maintain a registered agent for service of process and a registered office. *See* Tex. Bus. Orgs. Code Ann. § 5.201 (West 2012).  If the "registered agent of the entity cannot with reasonable diligence be found at the registered office of the entity," the Secretary of State becomes the agent for service of process on the corporation.  Tex. Bus. Orgs. Code Ann. § 5.251(1)(B).

or constable or other person authorized by law, (2) any person authorized by law or by written order of the court who is not less than eighteen years of age, or (3) any person certified under order of the Supreme Court." Tex. R. Civ. P. 103.  Rule 103 also states that service by certified mail must be effected by the clerk of the court, if requested, and that "no person who is a party to or is interested in the outcome of a suit may serve any process in that suit." Tex. R. Civ. P. 103; *see also* Fed. R. Civ. P. 4(c)(2).  "Upon amendment of the relevant rules, federal district courts in Texas interpreting Texas Rule 103 have found that the clerk of the court or one of the three authorized persons in Rule 103 can serve process by certified mail." *Lucky v. Haynes*, No. 3:12-CV-2609-B, 2013 WL 3054017, at *3 (N.D. Tex. June 18, 2013) (citing *Willis v. Lopez*, No. 3:10-CV-154-M, 2010 WL 4877273, at *1-2 (N.D. Tex. Dec. 1, 2010); *Isais v. Marmion Indus. Corp.*, No. H-09-3197, 2010 WL 723773, at *3 (S.D. Tex. Feb. 24, 2010)).[2]  When an authorized individual serves a defendant on behalf of a plaintiff using certified mail, Texas law mandates that the return receipt be signed by the addressee.  Tex. R. Civ. P. 107(c); *Ayika v. Sutton*, 378 F. App'x 432, 434 (5th Cir. 2010); *Keeton v. Carrasco*, 53 S.W.3d 13, 19 (Tex. App.—San Antonio 2011, pet denied).

To date, Plaintiff has failed to show proof that he has properly served any Defendant with process.  While it appears that Plaintiff attempted to serve the law firm of Barrett Daffin Frappier Turner and Engle by certified mail, such law firm is not named as a defendant in this suit.  In

---

[2] The Court notes that there is some conflicting authority regarding the interpretation of who is an authorized person in Rule 103 that can serve process by certified mail. *See, e.g., Delta Steamships Lines v. Albano*, 768 F.2d 728, 729 (5th Cir. 1985) (explaining that Texas law empowers the sheriff, constable, and clerk of court to serve process); *Mori Seike USA, Inc. v. McIntyre*, No. 3:06-CV-2344-B, 2007 WL 2984658 (N.D. Tex. Oct. 12, 2007) (recognizing conflicting authority); *Kleppinger v. Assocs. Corp. of N. America*, No. 3:99-CV-1662-L, 2003 WL 22329032, at *2-3 (N.D. Tex. Oct. 6, 2003) (observing that under Rule 106(a)(2), only the clerk of the court may serve process by certified or registered mail)).

addition, Plaintiff does not allege and there is no evidence that such law firm is an agent authorized by appointment or by law to receive service of process on behalf of any of the defendants.[3]  *See* Fed. R. Civ. P. 4(e)(2)(C), 4(h)(1)(B).  Furthermore, Texas state law does not permit Hurtado to serve process by certified mail.  Consequently, the Court concludes that Hurtado has failed to establish service of process on any Defendant that complies with the Federal and/or Texas Rules of Civil Procedure.  Because service of process is improper, the Court cannot exercise personal jurisdiction over Defendants.  *See Murphy Bros. Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999).  Since the Court has previously notified Hurtado that he needed to file proper proof of service, which he failed to do, the Court recommends that the above-styled and numbered cause be **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 4(m).

### NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document.  The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1).  Failure to file, by the date stated above, a specific written objection

---

[3] The Court notes that Plaintiff, in his Complaint, merely claims that the Defendants "can be contacted by and through Barrett Daffin Frappier Turner & Engle 1500 Surveyor Blvd Suite 100 Addison, Texas 75001." (Plaintiff's Complaint at 1.)

to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **June 18, 2014** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation.  It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED June 9, 2014.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

JLC/knv